UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

RFP LLC,                                                   ) Civil Action No.
                                                           )
                              Plaintiff,                   )
                                                           )
              -against-                                    ) COMPLAINT
                                                           )
LOCALIZED DOMAINS, LLC and TIMOTHY                         ) Plaintiff demands a Jury Trial
BALLERING,                                                 )
                                                           )
                              Defendants.                  )
------------------------------------------------------------X

Plaintiff, RFP LLC, by its attorneys, CAPLAN & ROSS, LLP, for its Complaint against

the Defendants herein, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a), in that this action arises, inter alia, under the Trademark Act of 1946

("Lanham Act") [15 U.S.C. § 1051 et seq.], and jurisdiction over the related unfair competition

claims pursuant to 28 U.S.C. § 1338(b). This Court also has supplemental jurisdiction over the

related state law claims pursuant to 28 U.S.C. § 1367(a).

2.      Venue lies in this district pursuant to Title 28 U.S.C. § 1391(b) in that a

substantial part of the events giving rise to the claims herein occurred in the Southern District of

New York, and, at the time of commencing this action, Defendants are subject to personal

jurisdiction in the Southern District of New York as hereinafter alleged.

## THE PARTIES

3.      Plaintiff, RFP LLC (hereinafter referred to "Plaintiff") is a limited liability

company duly organized and existing under the laws of the State of Delaware, and has its

principal place of business located at 330 Seventh Avenue, New York, New York 10001.

Plaintiff is engaged in the business of, among other things, the publication and distribution of

Bridal Guide Magazine, and the related operation of the bridalguide.com website.

4.     Upon information and belief, Defendant Localized Domains, LLC. ("Localized

Domains") is a limited liability company duly organized and existing under the laws of the State

of Wisconsin, with its principal place of business located at 1020 W. National, Milwaukee,

Wisconsin, 04313. Localized Domains has regularly and systematically conducted business in

the State of New York, and has otherwise transacted business in the State of New York,

including through its ownership and operation of numerous websites as hereinafter alleged.

5.     Upon information and belief, Localized Domains is engaged in, among other

things, the business of owning, operating and maintaining commercial websites, including, as

hereinafter alleged, numerous "bridalguide.com" websites.

6.     Upon information and belief, defendant Timothy Ballering ("Ballering") is a

citizen of the State of Wisconsin.

7.     Upon information and belief, Ballering is the sole officer, shareholder and owner

of Localized Domains.

8.     Upon information and belief, Ballering has a direct financial interest in the

activities of Localized Domains, and has directed, supervised and participated in the acts and

omissions of Localized Domains complained of herein.

## FACTUAL BACKGROUND

9.     Plaintiff is the owner of the name and federally registered trademark "Bridal

Guide," duly registered with the United States Patent and Trademark Office bearing Federal

Registration No. 2212736 with an effective date of December 22, 1998 (hereinafter referred to as

"the Mark").

10.    The Mark has been continuously used in commerce since 1988 in connection with wedding-related products and services.

11.    Plaintiff has invested substantial resources in advertising, marketing and promoting the Mark in connection with its products and services.

12.    Since the year 2000, Plaintiff's advertising, marketing and promotion expenses have included the operation and maintenance of a website to promote, advertise and exploit its wedding-related products and services under the domain name, www.bridalguide.com.

13.    Bridal Guide Magazine, a bi-monthly magazine, has a national circulation of 185,000 copies sold per issue, a readership of over 4 million people per issue, and has sold in excess of 25,000,000 copies nationwide to date.  Since 2006, the Bridal Guide website has had over 1,000,000 unique visitors.

14.    As a consequence of the continuous use in commerce of the Mark, the Mark has acquired distinctiveness as a designation of source, origin and/or affiliation with Plaintiff's products and services.

15.    On March 28, 2008, the United States Patent and Trademark Office issued an Office Action rejecting a third-party's application for trademark registration of the mark "virginiabridalguide.com." In doing so, the Office Action recognized the distinctiveness and enforceability of Plaintiff's Bridal Guide Mark, and found a likelihood of confusion arising from the applicant's use of virginiabridalguide.com. The Office Action's findings apply with equal force to the acts and omissions of Localized Domains alleged herein.

16.    Upon information and belief, Localized Domains is likewise engaged in the business of selling wedding-related products and services, in competition with Plaintiff.

17. Notwithstanding Plaintiff's continuous use and well-known prior rights in the Mark, Defendants have unfairly competed with Plaintiff by appropriating the Mark for its own use on and in connection with goods and services identical or substantially identical to Plaintiff's goods and services.

18. In or about March 2008, Plaintiff became aware that Localized Domains had registered, and was operating, numerous websites, making improper use of the Mark in connection with the sale of wedding-related products and services.

19. Upon information and belief, Defendants have registered at least the following domain names and own, operate, control and maintain websites that make improper use of the Mark through such domain names:

Massachusettsbridalguide.com
Nevadabridalguide.com;
Washingtonbridalguide.com;
Oregonbridalguide.com;
SouthDakotabridalguide.com;
Missouribridalguide.com;
NewHampshirebridalguide.com;
Iowabridalguide.com;
Minnesotabridalguide.com;
Wyomingbridalguide.com;
Arkansasbridalguide.com;
Delawarebridalguide.com

Tennesseebridalguide.com;
Vermontbridalguide.com;
NewMexicobridalguide.com;
NorthDakotabridalguide.com;
Kansasbridalguide.com;
Nebraskabridalguide.com;
Alabamabridalguide.com;
Mississippibridalguide.com;
RhodeIslandbridalguide.com;
WestVirginiabridalguide.com;
Montanabridalguide.com; and,

(These domain names and websites are hereinafter collectively referred to as, "the Infringing Websites.")

20. Upon information and belief, the Infringing Websites are directed to, and are intended to be used by consumers and advertisers located in the City, County and State of New York.

4

21.    Upon information and belief, Defendants have received revenues from consumers and businesses located in New York through the Infringing Websites, including the purchase from Localized Domains of advertising space on the Infringing Websites.

22.    Each of the Infringing Websites contains on its homepage the following statement offering to sell the domain name:

> "Bridal Guide websites, such as [Vermont] Bridal Guide.com, and hosting are available for a reasonable cost from Localized Domains, LLC."

23.    Plaintiff has not authorized, consented to, licensed, or otherwise permitted Defendants to use the Mark in connection with any of the Infringing Websites.

24.    Upon information and belief, Defendants' unauthorized uses of the Mark have caused actual confusion in the marketplace for wedding-related products and services.

25.    By letter dated April 3, 2008, Plaintiff notified Defendants of its trademark rights in and to the Mark, and that Defendants' unauthorized uses of the Mark violated Plaintiff's federal and common law rights in the Mark.

26.    Notwithstanding such notice, Defendants continue to use the Mark in connection with the Infringing Websites, and, upon information and belief, will continue to infringe upon Plaintiff's rights in the Mark unless enjoined by this Court.

## FIRST CLAIM
## VIOLATION OF 15 U.S.C. SECTION 1114
(Federal Trademark Infringement)

27.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28.    The unauthorized uses by Defendants of Plaintiff's Mark on goods and services identical or substantially identical to those of Plaintiff are likely to cause confusion, mistake or deception.

29.    Defendants' acts and omissions hereinabove alleged were done with knowledge of Plaintiff's rights in and to the Mark.

30.    Defendants' acts and omissions hereinabove alleged constitute the willful infringement of Plaintiff's trademark rights in its federally registered Mark under 15 U.S.C. § 1114.

31.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, of no less than $250,000, and, pursuant to 15 U.S.C. § 1117, plaintiff is entitled to an award of defendants' profits, treble damages, and its attorneys' fees incurred in this action.

32.    Upon information and belief, unless enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights in the Mark.

33.    Plaintiff has no adequate remedy at law.

## SECOND CLAIM
## VIOLATION OF 15 U.S.C. SECTION 1125(a)
(Federal Unfair Competition)

34.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35.    The unauthorized uses by Defendants in commerce of Plaintiff's Mark on goods and services identical or substantially identical to those of Plaintiff are likely to cause the public to mistakenly believe that Defendants' business activities and goods and services originate from, are sponsored by, or are in some way associated with Plaintiff, constitutes false designations of origin or false or misleading descriptions or representations or false or misleading representations of fact of its goods or services in commerce, and is likely to cause the Mark to lose its significance as an indicator of origin.

36.    Defendants' acts and omissions have caused and are continuing to cause damage to Plaintiff's business and have been conducted knowingly and willfully by Defendants.

37.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, of no less than $250,000, and, pursuant to 15 U.S.C. § 1117, plaintiff is entitled to an award of defendants' profits, treble damages, and its attorneys' fees incurred in this action.

38.    Upon information and belief, unless enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights in the Mark.

39.    Plaintiff has no adequate remedy at law.

### THIRD CLAIM
### VIOLATION OF 15 U.S.C. SECTION 1125(c)
(Federal Dilution)

40.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 above as if fully set forth herein.

41.    The Mark has become famous, by reason of, among other things, the duration, extent and geographic reach of Plaintiff's advertising and publicity of the Mark; the amount, volume and geographic extent of Plaintiff's sales of goods and services offered under the Mark; the acquired distinctiveness of the Mark; and the Mark's federal registration.

42.    The unauthorized uses by Defendants in commerce of Plaintiff's Mark on goods and services identical or substantially identical to those of Plaintiff has caused, and will continue to cause, dilution of the distinctive quality of the Mark, and infringes Plaintiff's rights to its famous Mark in violation of 15 U.S.C. § 1125(c)(1).

43.    Defendants' acts and omissions have caused and are continuing to cause damage to Plaintiff's business, of no less than $250,000, and have been conducted knowingly and willfully by Defendants.

44.    By reason of the foregoing, Plaintiff is entitled to injunctive relief, and pursuant to 15 U.S.C. § 1117, plaintiff is entitled to an award of defendants' profits, treble damages, and its attorneys' fees incurred in this action.

45.    Upon information and belief, unless enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights in the Mark.

46.    Plaintiff has no adequate remedy at law.

## FOURTH CLAIM
## VIOLATION OF 15 U.S.C. SECTION 1125(d)
(Cyberpiracy)

47.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 46 above as if fully set forth herein.

48.    As herein above alleged, Defendants have registered multiple domain names identical or confusingly similar to, and that are dilutive of, Plaintiff's Mark, with the intent to profit from the Mark. The unauthorized uses by Defendants of Plaintiff's Mark has caused, and will continue to cause, damage to the distinctive quality of the Mark, and infringes Plaintiff's rights to its Mark in violation of 15 U.S.C. § 1125(d)(1).

49.    Defendants' acts and omissions have caused and are continuing to cause damage to Plaintiff's business, of no less than $250,000, and have been conducted knowingly and willfully by Defendants.

50.     By reason of the foregoing, Plaintiff is entitled to injunctive relief, and pursuant to 15 U.S.C. § 1117, plaintiff is entitled to an award of defendants' profits, treble damages, and its attorneys' fees incurred in this action.

51.     Upon information and belief, unless enjoined by this Court, Defendants will continue to infringe Plaintiff's trademark rights in the Mark.

52.     Plaintiff has no adequate remedy at law.

## FIFTH CLAIM
## STATE UNFAIR COMPETITION AND UNFAIR TRADE PRACTICES

53.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 52 above as if fully set forth herein.

54.     The aforesaid acts of the Defendants have been committed willfully and with full knowledge of the rights of Plaintiff and with the intention of deceiving and misleading the public and of wrongfully misappropriating and trading upon the goodwill and reputation of Plaintiff and of benefiting from and depriving Plaintiff of the benefits thereof, and of diverting from Plaintiff to the Defendants the benefits arising from the goodwill of Plaintiff's business activities.

55.     The Defendants' misappropriation of the Mark and unfair competition will interfere with the Plaintiff's rights and ability to use the Mark in connection with the sale of its goods and services.

56.     Defendants will receive substantial profits from their misleading the public and their unauthorized use and misappropriation of the Mark and Defendant will become unjustly enriched thereby. The Defendants acts and omissions hereinabove alleged will cause substantial and irreparable damage, injury and loss to Plaintiff and constitutes unfair competition and an infringement of Plaintiff's rights in the Mark.

57.    Defendants' acts, without Plaintiff's consent, are in violation of the New York Consumer Protection Act, N.Y. Gen. Bus. Law § 133.

58.    Defendants' acts are likewise a violation of the New York Common Law prohibiting Unfair Competition. *Stern's Miracle-Gro Products, Inc. v. Shark Products, Inc.*, 823 F.Supp. 1077 (S.D.N.Y. 1993).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

1.    Preliminarily enjoining Defendants, their agents, attorneys, servants, employees and all persons in active concert or participation with them, during the pendency of this action, and permanently thereafter, from using Plaintiff's Mark and other designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, and from otherwise infringing Plaintiff's rights in the Mark or competing unfairly with Plaintiff;

2.    Ordering Defendants to transfer the registrations of the domain names of the Infringing Websites to Plaintiff;

3.    Awarding to Plaintiff all of Defendants' actual profits realized from the Infringing Websites and otherwise from its infringements of Plaintiff's rights in the Mark.

4.    Awarding Plaintiff damages against Defendants, jointly and severally, in an amount to be proved at trial, but no less than $1,250,000, i.e. $250,000.00 on each of Plaintiff's Five Claims;

5.    Awarding Plaintiff treble damages as provided by 15 U.S.C. § 1117 in an amount to be determined at a trial of this action;

6.    Awarding Plaintiff its attorneys' fees as provided by 15 U.S.C. § 1117; and

7.    Granting Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
      July 17, 2008

                    CAPLAN & ROSS, LLP

                    By: _____
                       Brian D. Caplan (BC-1713)
                       Jonathan J. Ross (JR 0581)
                    100 Park Avenue, 18th Floor
                    New York, NY  10017
                    (212) 973-9376

                    Attorneys for Plaintiff